Sanjay PRASAD, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76655.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey K. Sands, Esq., DOJ–U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Sanjay Prasad, a native and citizen of Fiji, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings, *Gafoor v. INS*, 231 F.3d 645, 650 (9th Cir.2000), and we review de novo claims of constitutional violations, *Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1287 (9th Cir.2004). We grant in part and deny in part the petition for review, and we remand.

■ The record does not compel the conclusion that Prasad demonstrated extraordinary or changed circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to the asylum claim.

Prasad's due process contention regarding the IJ's determination of the date that

his asylum application was filed is not persuasive, where the BIA reached its own conclusion as to Prasad's untimely asylum application. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

■ The IJ denied withholding of removal on the ground that Prasad failed to demonstrate a nexus between the harm he suffered and a protected ground. Substantial evidence does not support the nexus finding because Prasad testified to numerous references by his attackers to his Indian ethnicity and Hindu religion sufficient to compel the conclusion that the attackers were motivated, at least in part, by those characteristics. *See Gafoor*, 231 F.3d at 650–51 ("an applicant need only produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground") (internal quotation omitted).

■ Substantial evidence does not support the IJ's additional finding regarding the source of persecution, because when the police themselves conduct an attack, and when the police refuse to investigate after an attack is reported to them, there is government action or acquiescence sufficient to support a claim of persecution. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1077–78 (9th Cir.2004); *see also Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir.1996).

■ Because the agency did not make a finding regarding whether the harm suffered rises to the level of persecution, we grant the petition for review with respect to Prasad's withholding claim and remand for further proceedings consistent with this order. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**